## OBRECHT v. UNITED STATES SHIPPING BOARD.

(District Court, D. Maryland.   May 20, 1922.)

No. 895.

Maritime liens ⬢⟳10—Work done for builder not basis for lien.

   Libelant, employed by the contract builder of a ship, after its delivery to the owner, to correct defects in the engine, which had been improperly constructed, *held* not entitled to a lien on the vessel.

In Admiralty.   Suit by Charles F. Obrecht, trading as the Charles F. Obrecht Company, against the United States Shipping Board.   De-cree for respondent.

Frank, Emery & Beeuwkes and John H. Skeen, all of Baltimore, Md., for libelant.

Robert R. Carman, U. S. Atty., of Baltimore, Md., for respondent.

ROSE, District Judge.   This is a libel intended to be filed under the Suits in Admiralty Act.   The respondent is named in the libel as the United States Shipping Board, and not as the United States.   This could be cured by amendment, if such an amendment were permissible, upon which no opinion is intended to be expressed.   In any event, as the period of limitation has not yet run out, a new libel could be filed.

However, the testimony for the libelant has been offered, and, from it, it conclusively appears that, apart from all technical objections, the claim cannot be sustained.   The ship was a new one, and had made one voyage.   Then it was discovered that certain parts of its engines had not been in the first instance properly constructed.   The libelant was employed, as he knew, by the builder of the ship, to get the ship into the condition in which the builder should have originally put it.   This the libelant at the time clearly understood.   As the builder would have had no maritime lien upon the ship for such work, it is clear that the libelant acquired none.

---

⬢⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes